UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rashad Ramon Ivy,<br><br>  Plaintiff,<br><br>v.<br><br>William Bolin et al.,<br><br>  Defendants. | Case No. 24-cv-3425 (LMP/DJF)<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff Rashad Ramon Ivy's Motion for In-Person Service ("Motion") (ECF No. 11). Mr. Ivy alleges the Minnesota Department of Corrections' new mail policy creates a substantial risk that he will not receive mail from the Court in a timely fashion. (*Id* at ¶ 7.) He argues this policy violates the Equal Protection Clause of the Fourteenth Amendment because it will unfairly affect incarcerated, pro se litigants who rely on the prison mail system to litigate their cases. (*Id.* at ¶ 9.) For the reasons given below, the Court denies Mr. Ivy's Motion.

Mr. Ivy alleges that the Department of Corrections' mail policy has delayed the delivery of his regular mail in the past (*see id.* at ¶ 7), but he does not allege that the policy has actually prevented him from receiving complete and correct copies of all mail from the Court in this case or that he has been prejudiced because of an untimely delivery of such mail (*see generally id.*). Mr. Ivy's motion is premised solely on possible future delivery problems that have not arisen. The Court will not order the Department of Corrections to make exceptions to its policy based on speculation.

Mr. Ivy also appears to object to corrections officers opening and photocopying Court mail outside his presence. (*See id.* at ¶ 4.) But he fails to identify any cognizable right this practice violates. The Court's docket is presumptively open to the public, the Court has not sealed any documents in this case, and mailings to Mr. Ivy from the Court are not privileged. Mr. Ivy therefore

fails to articulate any colorable privilege or privacy interest that the Department of Corrections' mail policy impairs.

The Court nevertheless acknowledges that mail delays in correctional institutions are a persistent problem, and that Mr. Ivy may experience such delays in litigating this action. If mail from the Court is not timely and accurately delivered to him and this causes him to miss a specific deadline or otherwise prejudices him, Mr. Ivy may file a motion for an extension of time to respond to the applicable deadline and seek such other relief as may be warranted under the particular circumstances leading to the delay.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Plaintiff Rashad Ramon Ivy's Motion for In-Person Service (ECF No. 11) is **DENIED**.

Dated:  January 10, 2025            *s/ Dulce J. Foster*
                                    DULCE J. FOSTER
                                    United States Magistrate Judge