UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rashad Ramon Ivy, | Case No. 24-cv-3425 (LMP/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| William Bolin, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Rashad Ramon Ivy's self-styled *First Motion to Compel Discovries: Production of Documents; and Responses to Request for Interrogatories, and Request for Admissions (RFA) Pursuant to Fed. R. Civ. P. 37* ("Motion") (ECF No. 48). Mr. Ivy is a pro se litigant and is incarcerated at the Minnesota Correctional Facility-Stillwater ("MCF-Stillwater"). (*See id.*) He is suing several Department of Corrections ("DOC") employees and the Abuse Review Committees at MCF-Stillwater and the Minnesota Correctional Facility-St. Cloud ("MCF-SCL") for denying him contact and video visits with his children for over eight years. (*See* ECF No. 1.)

On March 31, 2025, Mr. Ivy served a number of discovery requests on Defendants. (*See* ECF No. 49 at 2.) Defendants served their responses on May 5, 2025, but Mr. Ivy identified several alleged deficiencies. (*See* ECF No. 62 at 1; *see also generally* ECF No. 49.) Wishing to discuss the responses, Mr. Ivy left a voicemail with defense counsel on Friday, May 9, 2025, in which Mr. Ivy referenced an email he had sent asking to meet and confer with defense counsel on Tuesday, May 13, 2025. (*See* ECF No. 62 at 2.) On Saturday, May 10, 2025, defense counsel received an email purportedly on behalf of Mr. Ivy, claiming that Defendants' discovery responses were insufficient

and asking Defendants to "arrange for a video conference on Wednesday, May 13, 2025"[1] for the parties to meet and confer. (ECF No. 62-1.) Notably, the email did not reference any prior communication and came from a sender name and email address that defense counsel did not recognize. (*See id.*; *see also* ECF No. 62 at 2.) The next business day, Monday, May 12, 2025, defense counsel attempted to arrange a phone call with Mr. Ivy for Tuesday, May 13, 2025, as the email requested. (*See* ECF No. 62 at 2.) Unfortunately, DOC staff were not able to accommodate the last-minute request, but they were able to arrange for a call the following day, May 14, 2025 at 9:00 A.M. (*See id.*)

On May 14, defense counsel and Mr. Ivy spoke to one another on the phone. (*See id.* at 3.) Defense counsel asked Mr. Ivy to explain his objections to Defendants' responses so that they could consult with their clients and respond to Mr. Ivy's objections. (*See id.*) Instead of attempting to resolve his disputes with defense counsel, Mr. Ivy refused to discuss his concerns, claiming Defendants were "too late" because they had failed to meet with him the day before as he requested. (*See id.*) He also told defense counsel he had contacted the Court about their refusal to meet and confer with him and that he would be filing a motion to compel because of their tardiness. (*See id.*) His Motion is now before the Court.

Though Mr. Ivy asserts that defense counsel failed to abide by the Court's meet and confer requirement, the opposite is true. Local Rule 7.1(a) states, "Before filing a motion other than a motion for a temporary restraining order or a motion under Fed. R. Civ. P. 56, the moving party must, if possible, meet and confer with the opposing party *in a good-faith effort* to resolve the issues raised by the motion." (emphasis added). The Pretrial Scheduling Order in this matter further states, "[T]he parties must engage in a focused meet and confer process *in a sincere effort* to resolve or

---

[1] The Court takes judicial notice that May 13, 2025 was a Tuesday.

narrow their disagreements before seeking the Court's involvement." (ECF No. 45 at 4.) The undersigned's practice pointers, which were attached to the Pretrial Scheduling Order, underscore this mandate: "[Local Rule 7.1(a)'s] requirement is intended to lead to a *meaningful, good faith exchange of views*, and if possible, a full or partial resolution of the issue(s) in dispute. To satisfy Rule 7.1(a), parties *must diligently attempt* to resolve their dispute(s) in person, by videoconference or by telephone." (ECF No. 45-1 at 2.) As the above quotes make clear, the meet-and-confer requirement is not cursory. It is meant to conserve limited judicial resources by requiring the parties to make good faith efforts to resolve their disputes before seeking the Court's guidance. *See ASI, Inc. v. Aquawood, LLC*, No. 19-CV-763 (JRT/DTS), 2023 WL 7323322, at *4 (D. Minn. June 27, 2023).

Mr. Ivy's conduct does not demonstrate the kind of sincere, good faith effort that Rule 7.1(a) requires. He cannot unilaterally pick a seemingly arbitrary date to meet with defense counsel, especially with minimal notice, and then refuse to engage in discussion to resolve his disputes when everyone is available because his scheduling demands were not met. Moreover, the Court takes issue with his misleading characterization of defense counsel's conduct. Reconciling conflicting schedules does not constitute a refusal to meet and confer. (*See* ECF No. 49 at 1.) Defense counsel made a good faith effort to accommodate Mr. Ivy's request. Their work to arrange a meeting on the morning of May 14 demonstrates their diligence in attempting to meet and confer with Mr. Ivy and address his concerns expeditiously. Finally, Mr. Ivy's refusal to even discuss his discovery disputes with defense counsel on May 14 suggests that he never had any intention to have a meaningful, good faith exchange of views with them about his objections. The Court therefore denies Mr. Ivy's Motion without prejudice for failing to comply with Rule 7.1(a). If Mr. Ivy wishes to renew his Motion, he can only do so after he has made a ***good-faith effort*** to resolve any disputes he may have

with Defendants' responses to his discovery requests. This means, at a minimum, that he must talk to them about his concerns, consider their positions with an open mind, and be willing to negotiate with them in an effort to find common ground.

Mr. Ivy's Motion (ECF No. 48) is denied for these reasons. And to be clear, the Court will continue to summarily deny any motion that fails to follow the letter *and spirit* of Rule 7.1(a).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Plaintiff Rashad Ramon Ivy's *First Motion to Compel Discovries: Production of Documents; and Responses to Request for Interrogatories, and Request for Admissions (RFA) Pursuant to Fed. R. Civ. P. 37* is **DENIED WITHOUT PREJUDICE**.

Dated:  June 10, 2025                *s/ Dulce J. Foster*
                                    DULCE J. FOSTER
                                    United States Magistrate Judge