## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Rashad Ramon Ivy,                                    Case No. 24-cv-3425 (LMP/DJF)

               Plaintiff,

v.                                                            **ORDER**

William Bolin, et al.,

               Defendants.

This matter is before the Court on Plaintiff Rashad Ramon Ivy's self-styled *Motion for First Amended Complaint* ("Motion") (ECF No. 54). Mr. Ivy is a pro se litigant and is incarcerated at the Minnesota Correctional Facility-Stillwater ("MCF-Stillwater"). (*See* ECF No. 1 at 2.) He is suing several Department of Corrections ("DOC") employees and the Abuse Review Committees at MCF-Stillwater and the Minnesota Correctional Facility-St. Cloud ("MCF-SCL"). (*See id.* at 2-4.) Plaintiff's Motion seeks leave to amend his Complaint. (*See* ECF No. 54.) In addition to substantial changes to the factual allegations, the proposed Amended Complaint names new DOC employees as defendants and removes the Abuse Review Committees at MCF-Stillwater and MCF-SCL as defendants. (*See* ECF No. 54-1.) Defendants do not oppose the Motion, but they make two observations and a request. (*See* ECF No. 64.) They note that: (1.) Mr. Ivy did not meet and confer with them as required by Local Rule 7.1(a) (*see id.* at 3 n.1); and (2.) Mr. Ivy's proposed amended complaint and the redlined version of his proposed amended complaint showing the changes he seeks to make do not match (*see id.* at 1-2), *see also* LR 15.1(b). Defendants ask the Court to order Mr. Ivy to file "an *accurate* redlined version of the amended complaint," because it would be "unreasonably onerous" for them "to review [Mr.] Ivy's amended complaint and compare it, word by word, to the original complaint, to determine what new allegations they need to respond to in a

responsive pleading." (*Id.* at 2-3.)  Because Defendants do not object to Mr. Ivy's Motion, the Court will grant that Motion notwithstanding Mr. Ivy's failure to comply with Local Rule 7.1(a).  The Court reiterates, however, that Mr. Ivy risks summary denial of any motion he files without properly meeting and conferring with defense counsel first.

The Court denies Defendants' request that the Court order Mr. Ivy to file a new redlined version of his proposed Amended Complaint.  Mr. Ivy is an incarcerated, pro se litigant with limited technology available to him.  It is thus unsurprising that his redline contains errors, because it was done manually, without the assistance of computer software that would make the process far simpler and more accurate.  (*See* ECF No. 54-2.)  It appears Mr. Ivy made a good faith effort to comply with the redlining rule despite the challenges he faces as an incarcerated litigant.  The Court therefore excuses the redlining errors he made in attempting to follow the filing rules for amended pleadings. *Cf. Avila v. Schnell*, No. 22-CV-3180 (NEB/DLM), 2024 WL 343309, at *4 (D. Minn. Jan. 30, 2024) (excusing pro se prisoner litigant's failure to file a redlined version of his proposed amended complaint after he failed *to even attempt* to do so).  The Court recognizes the redlining requirement is intended to ensure that Defendants are fairly apprised of any changes Mr. Ivy made to his Complaint.  But given the superior litigation resources available to defense counsel to overcome this challenge, the Court finds any prejudice to Defendants resulting from Plaintiff's redlining errors is minimal.  Considering Mr. Ivy's limited resources, his good faith effort to follow the Court's rules, and the minimal prejudice to Defendants, the Court grants Mr. Ivy's Motion without ordering him to file a corrected redlined copy of his Complaint.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY**

**ORDERED THAT**:

1.    Plaintiff Rashad Ramon Ivy's *Motion for First Amended Complaint* (ECF No. 54) is

    **GRANTED**.

2.    The Clerk of Court is directed to refile Mr. Ivy's proposed Amended Complaint

    (ECF No. 54-1) and docket it as the Amended Complaint.


Dated:  June 11, 2025                                *s/ Dulce J. Foster*
                                        DULCE J. FOSTER
                                        United States Magistrate Judge