**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RASHAD RAMON IVY,

Plaintiff,

v.

WILLIAM BOLIN; MARGIT HEALD; CHRISTIAN DOBRATZ; RICK RAVEN; DANIEL MOE; COREY ANDERSON-MOE; JENNY CARUFEL; JEFF WHITE; BRONSON AUSTRENG; ERIC NELSON; KELLY McELROY; DANIELLE REED; AMANDA HOFER; CHAD OYE; and KATE RUDESILL,

Defendants.

Case No. 24-cv-3425 (LMP/DJF)

**ORDER**

---

On June 26, 2026, United States Magistrate Judge Dulce J. Foster issued a Report and Recommendation ("R&R") recommending denial of Plaintiff Rashad Ramon Ivy's motion for partial summary judgment, grant in part and denial in part of Defendants' motion for summary judgment, and dismissal of Ivy's complaint without prejudice. ECF No. 143. The sole claim that Judge Foster recommended Ivy could pursue was his Section 1983 claim alleging a violation of his First and Fourteenth Amendment substantive due process rights for the restriction on his ability to communicate with his minor daughter through video visits. ECF No. 155 at 10. While the R&R concluded that monetary damages are barred against Defendants based on sovereign and qualified immunity, ECF No. 143 at 31–36, the R&R observed that injunctive and declaratory relief were theoretically available as remedies, *id.* at 36–39. Shortly before the parties filed their

summary-judgment motions, Ivy was transferred to a different Minnesota Department of Corrections ("DOC") facility. *Id.* at 37. Ivy did not amend his complaint. Both parties objected to the R&R. ECF Nos. 146, 150. In their objections, the Defendants explained that the DOC had implemented a new framework of policies relating to inmates' visitation and contact privileges based on a comprehensive overhaul of DOC policies that began in 2023. ECF No. 147 ¶¶ 4–8, 13. That change gave Ivy the relief he was seeking and rendered his remaining claim moot.

On September 1, 2026, the Court adopted the R&R in part, denied Ivy's motion for summary judgment, granted Defendants' motion for summary judgment, and dismissed the amended complaint. ECF No. 155. Central to the Court's holding was the change in DOC policy that determined Ivy is no longer subject to visitation restrictions with his minor daughter for in-person visits and video calls. *Id.* at 11. Ivy now appeals and seeks to proceed *in forma pauperis* ("IFP") on appeal. ECF Nos. 157, 158.

A litigant who seeks IFP status on appeal must first "file a motion in the district court" and "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). The Court must deny IFP status if the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(1), (a)(3). "To determine whether an appeal is taken in good faith, the Court must determine whether the claims to be decided on appeal are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DJF), 2024 WL 2818335, at *1 (D. Minn. June 3, 2024).

Here, although Ivy provides personal information that suggests that he financially qualifies for IFP status, he does not state any issues that he intends to present on appeal.

ECF No. 158. He merely recites the legal conclusions set forth in the Judgment. ECF No. 157 at 1. Accordingly, the Court cannot conclude whether "the claims to be decided on appeal are factually or legally frivolous," so Ivy's application to proceed IFP on appeal must be denied. *Smith*, 2024 WL 2818335, at *1; *see Henry v. Servion, Inc.*, No. 25-cv-3350 (LMP/DLM), 2025 WL 3198567, at *1 (D. Minn. Oct. 28, 2025) (finding appellant's application to proceed IFP on appeal "procedurally deficient" when it did not include a "substantive basis for his appeal").

**ORDER**

For these reasons, and based on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that Ivy's Application to Proceed IFP on Appeal (ECF No. 158) is **DENIED**.

Dated: October 5, 2026

*s/ Laura M. Provinzino*
Laura M. Provinzino
United States District Judge